**In re Arthur A. MITIGUY, Esq.**

[641 A.2d 362]

No. 93-464

February 17, 1994. Pursuant to the recommendation of the Professional Conduct Board filed October 5, 1993, and approval thereof, it is hereby ordered that Arthur A. Mitiguy, Esq., is disbarred for the reasons set forth in the Board's Notice of Decision attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E.

### NOTICE OF DECISION

This matter came before the Professional Conduct Board on September 10, 1993 by way of a stipulation between respondent and bar counsel. Based upon that stipulation, the Board makes the following findings of fact, conclusions of law, and recommended sanction:

### FACTS

1. Respondent, Arthur A. Mitiguy, became a member of the Vermont bar in 1986. On July 1, 1992, Mr. Mitiguy placed himself on inactive status. Prior to that date, respondent's most recent legal employment was as vice president/secretary, director and shareholder in the firm of McClallen, Ruggerio and Mitiguy, P.C. (now McClallen Ruggerio, P.C.).

2. Around August of 1991, John Ruggerio, Esq. discovered some unusual activity in a firm trust account. He discovered that seventeen different checks, totalling $3,400.00, had been made out to Arthur Mitiguy and deposited to Mr. Mitiguy's personal account. When confronted, Mr. Mitiguy admitted having taken the funds. He had no authority to do so.

3. Mr. Mitiguy represented an elderly woman, Dorothy M. Gleason, who passed away December 1, 1990. Mr. Mitiguy was her named executor. When Mrs. Gleason passed away, she had three bank accounts, one of which had been frozen by the bank. On December 27, 1990, Mr. Mitiguy withdrew the entire sum from one account ($58,886.33) and did the same to the other account on January 7, 1991 ($2,548.62). Of these monies, Mr. Mitiguy deposited into his personal account or cashed $26,298.62. The balance was deposited into an estate account, with Mr. Mitiguy as executor and signatory. Subsequently, Mr. Mitiguy deposited additional money from the estate account into his personal account in the amount of $5,022.22.

4. As executor of Mrs. Gleason's estate, Mr. Mitiguy filed a final accounting with the Rutland Probate Court. The final accounting is sworn and subscribed to by the executor. In the accounting, Mr. Mitiguy made materially false statements as to bills paid by the estate. For example, a bill of $4,935.12 reported paid to the Rutland Medical Center had actually been paid by Medicare.

5. On November 17, 1992, Mr. Mitiguy was convicted of six felonies in Rutland District Court. The convictions were four counts of embezzlement and two counts of false swearing.

### CONCLUSIONS OF LAW

6. Mr. Mitiguy's conduct and the resulting convictions constitute violations of the following provisions of the Code of Professional Responsibility:

> a. DR 1-102(A)(3) (engage in conduct involving a serious crime) (as defined in Definitions (5));
>
> b. DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation);

c. DR 1-102(A)(5) (conduct that is prejudicial to the administration of justice);

d. DR 1-102(A)(7) (conduct that adversely reflects on the lawyer's fitness to practice law); and

e. DR 7-102(A)(5) (knowingly make a false statement of law or fact).

RECOMMENDED SANCTION

7. The following mitigating factors are present in this case:

a. Absence of a prior disciplinary record;

b. Imposition of other sanctions, i.e., a sentence in district court of 3–5 years imprisonment, suspended except for 15 months to serve, and imposition of 500 hours of community service; and

c. Acceptance of full responsibility for his unethical and criminal conduct.

8. The Board notes that Mr. Mitiguy was a substance abuser at the time he committed these criminal acts. Once these acts came to light, Mr. Mitiguy entered a residential treatment program. The fact that Mr. Mitiguy eventually took steps to address his substance abuse problem is laudable. However, the Board does not consider substance abuse, and resulting personal problems, to be a mitigating factor in determining the appropriate sanction.

9. The following aggravating factors are present in this case:

a. A dishonest or selfish motive;

b. A pattern of misconduct;

c. Multiple offenses; and

d. Vulnerability of the victim.

10. The duty violated here is the duty owed to the client to preserve the client's property. Actual injury resulted to the client. Mr. Mitiguy acted knowingly and intentionally.

11. Theft of client funds is one of the most serious ethical violations which an attorney can commit. It is an offense which demands imposition of the most serious sanction. *In re Wilson*, 409 A.2d 1153, 1155 (N.J. 1979) ("[T]here are few more egregious acts of professional misconduct of which an attorney can be guilty than the misappropriation of client's funds held in trust . . . . Recognition of the nature and gravity of the offense suggests only one result—disbarment.").

12. Therefore, the Board recommends that Mr. Mitiguy be disbarred, effective immediately.